UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60127-RAR

**STEPHEN SCHULER**,

    Plaintiff,

v.

**ERCOLE USA, LLC,**
*d/b/a FBA Fortified and
Ballistic Security,*

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Amended Complaint, filed on March 27, 2023. [ECF No. 16]. Plaintiff filed a Response on April 21, 2023. [ECF No. 21]. The Court held a hearing on the Motion on May 9, 2023. [ECF No. 26]. The Court has carefully reviewed the Amended Complaint, [ECF No. 12], the parties' submissions, the record, and applicable law and is otherwise fully advised. For the reasons set forth below and explained on the record, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion is **DENIED**.

The primary cause of action alleged in the Amended Complaint is breach of contract. Am. Comp. ¶ 6. Plaintiff alleges that on March 30, 2022, the parties entered into a contract in which Defendant agreed to sell, fabricate, and deliver security doors, windows, and related accessories to Plaintiff's home in Oak Park, Illinois. *Id.* ¶¶ 8–9. Plaintiff alleges the total project price was $717,048.00, and Plaintiff paid 50% of the project price as a deposit, amounting to $358,524.00. *Id.* ¶¶ 10–11. Plaintiff alleges the relevant portion of the contract required,

"[c]onstruction/fabrication of all doors, windows and/or other fixtures and equipment subject to this agreement shall not begin until Client approves, in writing, the drawings, plans and specifications for all items included in this agreement." *Id.* ¶ 12. Plaintiff did not approve of the plans Defendant submitted because the shop drawings were "materially deficient[,]" *id.* ¶ 13, and Plaintiff alleges that he "provided [Defendant] with information regarding the numerous material deficiencies in the shop drawings. However, [Defendant] did not provide [Plaintiff] or his agents corrected drawings for [] approval." *Id.* ¶ 14. Plaintiff maintains that Defendant breached the contract by failing to provide corrected drawings and failing to obtain Plaintiff's written approval of the drawings. *Id.* ¶ 16.

Plaintiff also raises two alternative claims. First, Plaintiff brings a count of Cancellation of Contract pursuant to Fla. Stat. § 672.711 (Count II). *Id.* ¶ 21. This claim alleges that Plaintiff has not received any benefit from the contract, and therefore, restoration of benefits (*i.e.*, replacement windows or doors), is impractical or futile and Plaintiff thus has no complete and adequate remedy at law. *Id.* ¶ 27. Second, Plaintiff brings an alternative count of Unjust Enrichment (Count III), which alleges it is inequitable for Defendant to retain the benefit of the deposit paid by Plaintiff after Defendant's non-performance. *Id.* ¶¶ 28–35.

Defendant's Motion to Dismiss seeks dismissal of the entire Amended Complaint. First, Defendant argues that Plaintiff fails to allege "breach" by introducing additional facts outside of the Amended Complaint to refute Plaintiff's allegations. Mot at 4. Defendant further alleges that Count I is a shotgun pleading because it references the implied covenants of good faith and fair dealing along with breach of contract, rather than splitting the allegations into separate counts. *Id.* at 5. Next, Defendant argues that Plaintiff fails to allege that there are any damages caused by breach of contract and that the damages Plaintiff seeks (monetary damages) are foreclosed by the

contract. *Id.* at 7.  Defendant also seeks dismissal of the alternative counts because the Amended Complaint does not allege each of the common law requirements for cancellation, and unjust enrichment is an impermissible theory where an express contract exists.  *Id.* at 8–10.

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the basis that it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all factual allegations contained in the complaint, and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the facts alleged.  *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Iqbal*, 556 U.S. at 678.

Applying the *Iqbal/Twombly* standard, the Court finds that the Motion must be denied. First, the Court finds that Plaintiff has sufficiently pled that there was a breach of contract in paragraphs 13 through 16 of the Amended Complaint.  Specifically, the Amended Complaint alleges that Defendant breached the contract "by failing to provide Mr. Schuler or his agents corrected drawings for Mr. Schuler's approval and failing to obtain Mr. Schuler's written approval of the drawings."  *Id.* ¶ 16.  At the motion to dismiss stage, this sufficiently alleges breach, and the Court will not look outside the Amended Complaint at additional facts offered in Defendant's Motion.  Additionally, the Court concludes—as represented by Plaintiff's counsel at the hearing— that Count I is a breach of contract claim, not an allegation of breach of the implied covenants of good faith and fair dealing.  Thus, the Court will not require Plaintiff to re-draft this Count.

Defendant further maintains that Plaintiff has failed to allege there are any damages *caused* by the breach of contract. Mot. at 7 ("Plaintiff does not allege that he requested that FBS correct any alleged deficiencies in the drawings but that FBS failed or refused to do so."). But the Amended Complaint *does* allege the presence of deficiencies in the drawings. *See* Am. Compl. ¶ 14 ("Mr. Schuler or his agents provided FBS with information regarding the numerous material deficiencies in the shop drawings. However, FBS did not provide Mr. Schuler or his agents corrected drawings for Mr. Schuler's approval."). Thus, the Court finds that Plaintiff has sufficiently alleged damages.

Likewise, the Court rejects Defendant's argument, at this stage, that the Amended Complaint seeks damages precluded by the contract. Defendant notes that the contract states, "Client's sole and exclusive remedies … for FBS' liability of any kind (including liability for negligence) under this agreement shall be limited to repair or replacement of the defective doors or windows, at FBS' discretion and election." Mot. at 7 (citing Terms and Conditions, [ECF No. 12-1] at 22 ¶ 13). Defendant's argument here is that "Florida law is well settled that parties to a contract may stipulate to what the consequences of a breach of the agreement will be, and if the language discloses that the parties intended to limit the remedy to the one stated, the stipulation will be enforced." *Coastal Computer Corp. v. Team Mgmt. Sys., Inc.*, 624 So. 2d 352, 353 (Fla. 2d DCA 1993). But Plaintiff cites the remainder of the damages portion of the contract which states, in relevant part, "FBS' total liability under this agreement for any reason shall not exceed the total amount received by FBS from Client under this agreement." Terms and Conditions, [ECF No. 12-1] at 22 ¶ 13. As Plaintiff correctly points out, this indicates that repair or replacement of doors or windows that were never installed to begin with is not the only remedy under the contract.

Finally, the Court concludes that, as explained on the record, Plaintiff's alternative counts alleging cancellation and unjust enrichment are proper and shall not be dismissed. Plaintiff has sufficiently pleaded the elements of cancellation under Fla. Stat. § 672.711. *See Royco, Inc. v. Cottengim*, 427 So. 2d 759, 760 (Fla. 5th DCA 1983). Additionally, because Defendant may argue that the contract is inapplicable to the scenario before the Court or otherwise does not cover the facts presented, Plaintiff is permitted to plead unjust enrichment in the alternative. *See Quantum Supply B.V. v. Mercury Air Cargo Inc.*, No. 20-25223, 2021 WL 2414161, at *1 (S.D. Fla. June 14, 2021). Thus, Defendant's Motion to Dismiss warrants denial. Defendant shall file an Answer to the Amended Complaint within **twenty (20) days** from the date of this Order.

**DONE AND ORDERED** in Miami, Florida, this 12th day of May, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**